ANTHONY P. SGRO
NEVADA BAR NO. 3811
ALANNA C. BONDY
NEVADA BAR NO. 14830
**SGRO & ROGER**
2901 El Camino Avenue, Suite 204
Las Vegas, Nevada 89102
Telephone: 702.384.9800
Facsimile: 702.665.4120
TSgro@SgroandRoger.com
ABondy@SgroandRoger.com

JOHN R. BAILEY
NEVADA BAR NO. 0137
DENNIS L. KENNEDY
Nevada Bar No. 1462
JOSEPH A. LIEBMAN
Nevada Bar No. 10125
PAUL C. WILLIAMS
Nevada Bar No. 12524
JAVIERA A. SOTHERS
Nevada Bar No. 17300
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone: 702.562.8820
Facsimile: 702.562.8821
DKennedy@BaileyKennedy.com
JBailey@BaileyKennedy.com
JLiebman@BaileyKennedy.com
PWilliams@BaileyKennedy.com
JSothers@BaileyKennedy.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL COYNE, individually and on behalf of those similarly situated; KALUNA AKI, individually and on behalf of those similarly situated; ROBERTO ANGULO, individually and on behalf of those similarly situated, ROBERT GLOWINSKI, individually and on behalf of those similarly situated; PADILLA MILLS, individually and on behalf of those similarly situated; SCOTT NICHOLAS, individually and on behalf of those similarly situated; SANDER NYGAARD, individually and on behalf of those similarly situated; JOHNNY RODRIGUEZ, individually and on behalf of those similarly situated; MATTHEW LONG, individually and on behalf of those similarly situated; BRANDON LIPSCHITZ, individually and on behalf of those similarly situated; DAVID GOLDYN, individually and on behalf of those | Case No. 2:25-cv-2476-CDS-BNW <br><br> **JOINT DISCOVERY PLAN & SCHEDULING ORDER** <br><br> **(SPECIAL SCHEDULING REVIEW REQUESTED)** |

-1-

similarly situated; STEPHANIE HUNTER, individually, KEVIN DAROSA, individually, HARRISON PORTER, individually,   and on behalf of those similarly situated;

Plaintiffs,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a law enforcement agency; CITY OF LAS VEGAS, a municipality.

Defendants.

Plaintiffs, by and through their undersigned counsel of record, and Defendants by and through their undersigned counsel of record, hereby respectfully submit this Proposed Joint Discovery Plan and Scheduling Order.

**I.      Reason for Special Scheduling Review**

Plaintiffs, on behalf of themselves and similarly situated individuals, have filed claims against the Defendants under the Fair Labor Standards Act ("FLSA") and Nevada law, alleging a failure to properly calculate and pay overtime wages. Plaintiffs' Complaint is currently the subject of a pending Motion to Dismiss Complaint filed by Defendant Las Vegas Metropolitan Police Department ("LVMPD"), and a Joinder and Additional Points and Authorities filed by the City of Las Vegas. [ECF Nos. 7 and 9]. Contemporaneously with this Joint Discovery Plan and Scheduling Order, the Parties have filed a Stipulation and Order to Stay Discovery Pending Resolution of the Motions to Dismiss, in order to conserve party resources and to avoid engaging in potentially unnecessary or improperly scoped discovery prior to the Court's rulings on the legal framework governing Plaintiffs' claims. Plaintiffs also anticipate filing a Motion for Conditional Certification in the coming weeks, and the Parties have taken different positions as to whether discovery is necessary or appropriate to resolve that motion and request the Court's guidance on that issue.

## II.      Fed. R. Civ. P. 26(f) Conference.

Pursuant to Fed. R. Civ. P. 26(f), a Zoom conference was held on January 12, 2026, between counsel for Plaintiffs and counsel for Defendants LVMPD and the City of Las Vegas. Alanna Bondy, Esq of the law firm Sgro & Roger and Joseph Liebman, Esq., of the law firm Bailey Kennedy attended on behalf of the Plaintiffs. Alex Fugazzi, Esq. of the law firm Snell & Wilmer attended on behalf of Defendant LVMPD and Chief Deputy City Attorney Nechole Garcia, Esq., attended on behalf of Defendant City of Las Vegas. After discussing the needs of this case, counsel for the parties agree and anticipate that twelve (12) months will be needed to conduct discovery after the Court issues a ruling on the Motions to Dismiss. However, the Parties disagree as to whether discovery should be phased. Plaintiffs' position is that, following the Court's resolution of the pending Motions to Dismiss, discovery should proceed in full. Defendants' position is that limited discovery is necessary for the Court's determination of Plaintiffs' anticipated Motion for Conditional Certification, and that discovery should therefore be phased to address conditional certification issues prior to merits-based discovery. Upon the Plaintiff's filing of the Motion for Conditional Certification, Defendants will request limited discovery. Defendants ask that this Court wait to rule on whether the Defendants may obtain limited discovery until Defendants have had an opportunity to brief the necessity and scope of that discovery in connection with the Motion for Conditional Certification.

## III.      Discovery Cut-Off Date.

This action was filed in the Eighth Judicial District Court in and for Clark County, Nevada on November 7, 2025. On December 12, 2025, Defendant LVMPD removed this action to the United States District Court, District of Nevada via the filing of a Petition for Removal.

[ECF No. 1]. On December 15, 2025, Defendant City of Las Vegas filed a Consent to Removal. [ECF No. 3].

Defendant LVMPD filed Motion to Dismiss Complaint on December 19, 2025. [ECF No. 7]. Defendant City of Las Vegas filed a Joinder to LVMPD's Motion to Dismiss and Additional Points and Authorities on the same day. [ECF No. 9]. On December 22, 2025, LVMPD filed a Joinder to City of Las Vegas' Additional Points and Authorities. [ECF No. 10]. On January 23, 2026, Plaintiffs filed their 1) Response to LVMPD's Motion to Dismiss and 2) Response to the City's Joinder to LVMPD's Motion to Dismiss and Additional Points and Authorities. [ECF Nos. 15 and 16]. LVMPD's and the City of Las Vegas' Replies in Support of their Motions to Dismiss are presently due on February 13, 2026. The Parties have filed a Stipulation and Order to Stay Discovery Pending Resolution of the Motions to Dismiss.

While the Parties are generally requesting twelve (12) months to conduct discovery, specific calendar dates cannot be provided at this time because the commencement and scope of discovery will depend on the timing of the Court's ruling(s) on the pending Motions to Dismiss and on whether the Court determines that phased discovery is appropriate to address issues related to Plaintiffs' anticipated Motion for Conditional Certification prior to merits-based discovery.

Within two (2) weeks of the Court's decisions on the pending Motions to Dismiss, the Parties will submit an amended discovery plan and scheduling order that specifically identifies the calendar dates on which the applicable discovery cut-off and other deadlines set forth below will fall.

**IV.    Joint Protective Order:**

Counsel for the Parties agree that entry of a Protective Order may be necessary in this case to protect confidential and/or sensitive information, including but not limited to peace

officer identifying information, personnel records, and compensation and payroll data. The Parties anticipate submitting a Stipulated Confidentiality Agreement and Proposed Protective Order to the Court for review within fourteen (14) days of the Court's decision(s) on the pending Motions to Dismiss.

**V.      Amending the Pleadings and Adding Parties:**

In accordance with Local Rule 26-1(b)(2), the last day to file a motion to amend the pleadings or to add parties shall be 90 days prior to the close of discovery.

**VI.      Fed. R. Civ. P. 26(a)(2) Disclosures (Expert Witness):**

In accordance with Local Rule 26-1(b)(3), the last day for disclosures as required by FRCP 26(a)(2)(D) concerning experts shall be 60 days prior to the close of discovery. The last day for disclosures concerning rebuttal experts shall be 30 days after the initial disclosure of experts.

**VII.      Dispositive Motions:**

In accordance with Local Rule 26-1(b)(4), the deadline for dispositive motions shall be 30 days after the close of discovery.

**VIII.  Pretrial Order:**

In accordance with Local Rule 26-1(b)(5), the last day to file a Joint Pretrial Order, including any disclosures pursuant to FRCP 26(a)(3), shall be not later than 30 days after the date set for filing dispositive motions. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motion(s) or further order of the Court.

**IX.      Fed. R. Civ. P. 26(a)(3) Disclosures:**

The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

**X.     Fed. R. Civ. P. 26(a)(1) Disclosures:**

The disclosures required by Fed. R. Civ. P. 26(a)(1) shall be served within two (2) weeks following the Court's decisions on the pending Motions to Dismiss.

**XI.     Alternative Dispute Resolution:**

Pursuant to LR 26-1(b)(7), Counsel for the Parties certify that they met and conferred about the possibility of engaging in alternative dispute resolution including mediation, arbitration and/or an early neutral evaluation. The parties believe that resolution of the motion to dismiss and some discovery is necessary before a meaningful settlement dialogue or ADR process can occur. The Parties are open to revisiting the issue of ADR after certain discovery has been completed.

**XII.     Alternative Forms of Case Disposition:**

Pursuant to LR 26-1(b)(8), the Parties certify that they have discussed consenting to trial by a magistrate judge under 28 U.S.C. § 636(c) or engaging in the Short Trial Program under Fed. R. Civ P. 73. The Parties do not consent to either alternative form of case disposition at the time.

**XIII.   Electronic Evidence:**

Pursuant to LR 26-1(b)(9), the Parties certify that they have discussed and intend to use electronic evidence throughout the course of litigation and during trial to the extent possible. The Parties agree that all discoverable documents will be produced in Portable Document Format ("PDF") with optical text recognition (electronically searchable text), to the extent possible. The Parties will also ensure that any electronic evidence they intend to use at trial is in a format compatible with the Court's electronic jury evidence display system. Any stipulations regarding the use of electronic evidence at trial will be addressed in the joint pretrial order. This agreement is limited to the format and handling of electronic evidence; it does not affect any

-7-

Party's right to seek discoverable information or any Party's duty to preserve discoverable information. The Parties agree that if requested, and to the extent available, the native form of the discoverable information will be produced.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**XIV.    Extensions or Modifications of the Discovery Plan and Scheduling Order:**

In accordance with LR 26-3, any stipulation or motion to extend any date set by this Discovery Plan and Scheduling Order must be made no later than 21 days before the expiration of the subject deadline. Requests to extend discovery deadlines must fully comply with LR 26-3.

Respectfully submitted this 26th day of January 2026.

| | |
|---|---|
| **SGRO & ROGER** | **SNELL & WILMER L.L.P.** |
| By: _/s/ Alanna Bondy_ | By: _/s/Alex Fugazzi_ |
| ANTHONY P. SGRO | ALEX FUGAZZI, ESQ. |
| ALANNA C. BONDY | PAUL S. PRIOR, ESQ. |
| 2901 EL CAMINO AVE., SUITE 204 | THERESA C. TRENHOLM |
| LAS VEGAS, NV 89102 | 1700 SOUTH PAVILION CENTER DRIVE, STE 700 |
| | LAS VEGAS, NEVADA 89135 |
| **BAILEY❖KENNEDY** | _Attorneys for Defendant Las Vegas_ |
| JOHN R. BAILEY | _Metropolitan Police Department_ |
| DENNIS L. KENNEDY | |
| JOSEPH A. LIEBMAN | **CITY OF LAS VEGAS** |
| PAUL C. WILLIAMS | |
| JAVIER M. SOTHERS | By: _/s/ Nechole Garcia_ |
| 8984 SPANISH RIDGE AVENUE | JEFFRY M. DOROCAK |
| LAS VEGAS, NV 89148 | City Attorney |
| _Attorneys for Plaintiffs_ | MORGAN DAVIS |
| | Senior Assistant City Attorney |
| | NECHOLE GARCIA |
| | Chief Deputy City Attorney |
| | 495 South Main Street, Sixth Floor |
| | Las Vegas, NV 89101 |
| | _Attorneys for City of Las Vegas_ |

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED:  January 27, 2026_____