UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Daniel Coyne, et al.,<br>Plaintiffs<br>v.<br>Las Vegas Metropolitan Police Department, et al.,<br>Defendants | Case No. 2:25-cv-02476-CDS-EJY<br>**Order Granting in Part Defendant LVMPD's Motion to Dismiss, Granting the City of Las Vegas's Motion to Dismiss, Granting the Defendants' Request for Joinder, and Granting the Defendants' Request for Judicial Notice**<br>[ECF No. 7, 9, 10, 26] |

This is a putative collective and class action[1] alleging violations of the Fair Labor Standards Act (FLSA) and related state law claims brought by plaintiffs Daniel Coyne, Kaluna Aki, Robert Angulo, Robert Glowinski, Padilla Mills, Scott Nicholas, Sander Nygaard, Johnny Rodriguez, Matthew Long, Brandon Lipschitz, David Goldyn, Stephanie Hunter, Harrison Porter, and those similarly situated, against defendants the Las Vegas Metropolitan Police Department (LVMPD) and the City of Las Vegas. *See* Compl., ECF No. 1-1. LVMPD removed this action from the Eighth Judicial District Court on December 12, 2025. Pet. for rem., ECF No. 1. LVMPD now moves to dismiss the complaint, arguing that the plaintiffs fail to state a claim because the suit is premised on a belief that fails as a matter of law—that is, that the defendants were "required to include employee-labeled PERS contributions in the FLSA 'regular rate' when calculating overtime pay." *See* Mot., ECF No. 7 at 3. The plaintiffs oppose the motion. *See* Opp'n, ECF No. 15. LVMPD's motion is fully briefed. Reply, ECF No. 25.

[1] There is a pending motion to certify the class. ECF No. 27. This will be resolved in a separate order in the normal course.

The City filed a motion to dismiss that raises new arguments and incorporates LVMPD's arguments.[2] *See* City's joinder & mot. dismiss, ECF No. 9.[3] The plaintiffs filed an opposition to the City's motion. Opp'n, ECF No. 16. This motion is also fully briefed. Reply, ECF No. 23.[4] For the reasons explained herein, I grant in part LVMPD's motion to dismiss, grant the City's motion to dismiss, and grant the defendants' requests for joinder.

## I. Background

The plaintiffs bring this action on behalf of themselves and those who are otherwise defined as:

> All persons currently or formerly employed by the Las Vegas Metropolitan Police Department or the City of Las Vegas as full-time, non-exempt hourly peace officers who worked one or more overtime shifts during the relevant period, and who (a) are current members of the Las Vegas Police Protective Association (PPA) or the Police Managers and Supervisors' Association (PMSA), or (b) were PPA or PMSA members at the time of their retirement or other separation from employment.

ECF No. 1-1 at 6–7, ¶ 30. As alleged, the plaintiffs and the class/collective action members are employees of a local government employer and are required to participate in the Nevada Public Retirement System (PERS). *Id.* at 11, ¶ 50. PERS has two retirement plan options: an Employer Pay Contribution (EPC) plan and an Employee/Employer Contribution (EEC) plan. *Id.* at 10, ¶ 45. The plaintiffs are required to participate in the EPC plan.[5] *Id.* at 11, ¶ 50. Under that plan, the employer pays the total PERS contribution on the employee's behalf; however, the employee is also required to contribute half of the total contribution to PERS. *Id.* at 10–11, ¶¶ 46–47. Per NRS 286.421(3)(a), any employee under the EPC plan is required to fund his/her employee contribution through either a salary reduction or in lieu of a pay raise, or a combination of the

---

[2] The City is reminded that the Local Rules require that parties file separate filings for separate forms of relief. This case demonstrates the reason for this rule: the City seeks two forms of relief through its joinder. Given the contents, I construe the joinder also as a motion to dismiss.

[3] The City also requests joinder to LVMPD's reply. ECF No. 26.

[4] LVMPD also moves to join the City's MTD (ECF No. 7) and reply (ECF No. 23). LVMPD's joinder, ECF Nos. 10, 24.

[5] The complaint also alleges that the Plaintiffs are not allowed to participate in the EEC plan. ECF No. 1-1 at 11, ¶ 50.

two. *Id.* at 10, ¶ 46. Thus, the EPC Plan is funded through both employer and employee contributions. *Id.* at ¶ 48.

As explained in the complaint, it is called the EPC plan because the employer logistically provides the entire contribution to PERS. *Id.* Further, under the EPC plan, the employee is providing an employee contribution to PERS, and that contribution remains an employee contribution even though it is logistically paid by the employer. *Id.* at 11, ¶ 52 (citing Nev. Rev. Stat. § 286.421(8) ("For the purposes of adjusting salary increases and cost-of-living increases or of salary reduction, the total contribution must be equally divided between employer and employee.")). The plaintiffs further allege that as employees, they are foregoing compensation they would be entitled to in exchange for their employer remitting its contribution to PERS on their behalf. I*d.* at ¶ 53. They also allege that "[i]n order to ensure that members of an EPC Plan are treated fairly as compared to members of an EEC Plan, Nevada law requires that EPC Plan members' compensation levels be adjusted upwards at the time of retirement to account for any decrease in their salary and/or foregoing pay raises that were used by the employer to fund employee contributions to PERS." *Id.* at ¶ 54 (citing NRS 286.421(3)(b)). Thus, under the EPC plan, if there is an increase to how much the employees are required to contribute to PERS, the employee is required "to take further pay decreases and/or forego salary increases." *Id.* at 11–12, ¶ 57.

The plaintiffs further allege that their overtime rate of pay and other compensable categories (i.e., vacation leave, sick leave, and/or annual leave) are being calculated incorrectly. *Id.* at 12, ¶ 62. Specifically, the plaintiffs assert that the defendants are *not* calculating overtime based on what the plaintiffs' hourly rate of pay would be without PERS, and are instead calculating overtime based on the hourly rate of pay that was artificially reduced (or given up in lieu of pay raises) to contribute to their PERS accounts. *Id.* at 12, ¶¶ 62–63. Said differently, under the EPC plan, employee contributions are funded through reductions in rates of pay or in lieu of pay raises, thus the plaintiffs hourly rate has been "reduced substantially," which has

resulted in a lower rate of overtime (at time and a half) calculations. *Id.* The plaintiffs contend that this violates the FLSA because 29 U.S.C. § 207(e) defines the regular rate of pay as "all remuneration for employment paid to, or on behalf of, the employee," and only employer, not employee, contributions are excluded. *Id.* at 14, ¶¶ 66–67. They also contend that it violates Nevada law's "regular wage rate" calculations under NRS 608.018. *Id.* at ¶ 67.

The plaintiffs therefore bring seven claims against the defendants: (1) violation of the FLSA, (2) violation of the Nevada equivalent, (3) failure to timely pay all wages due and owing upon termination under Nevada law, (4) breach of an implied contract, (5) unjust enrichment, (6) conversion, and (7) failure to compensate under Nevada law.

## II. Legal authority

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, in reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Kwan v. SanMedica, Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Johnson v. Federal Home Loan Mortg. Corp.*, 793 F.3d 1005, 1008 (9th Cir. 2015).

To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim has facially plausible when "the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless the deficiencies of the complaint cannot be cured by amendment, rendering amendment futile. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. Discussion

### A. LVMPD's motion to dismiss [ECF No. 7] is granted in part and denied in part.

The heart of LVMPD's motion is that the complaint fails because the plaintiffs' PERS contributions are excluded from the FLSA "regular rate" pursuant to 29 U.S.C. § 207(e)(4). *See* ECF No. 7 at 6–12. Further, because Nevada law follows the FLSA framework, the state law claims likewise fail. *Id.* at 12–16. Finally, LVMPD argues that the Nevada claims should be dismissed because the Collective Bargaining Agreement ("CBA") controls the computation of the "regular rate," and the common-law claims either fail or are improperly pled. *Id.* at 16–22. I address these arguments in turn.

#### *1. The motion to dismiss the FLSA claim is denied.*

Section 207(a)(1) of the FLSA provides that employees are entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of forty per week. 29 U.S.C. § 207(a)(1). However, certain exceptions apply, *see* 29 U.S.C. § 207(a), and asserting that an exemption applies is an affirmative defense. Courts may consider an affirmative defense on a motion to dismiss when there is an "obvious bar to securing relief on the face of the complaint.'" *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 973 (9th Cir. 2019) (quoting *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014)). The burden of showing an exemption applies rests with the employer, by a preponderance of the evidence. *See E.M.D. Sales, Inc. v. Carrera*, 604 U.S. 45 (2025); *see also Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97 (1974); *Webster v. Pub. Sch. Emples. of Wash., Inc.*, 247 F.3d 910, 914 (9th Cir. 2001).

LVMPD argues that the FLSA claim fails as a matter of law because PERS contributions are excluded from the FLSA's "regular rate" under 29 U.S.C. § 207(e)(4). ECF No. 7 at 6–8. They

further contend that the PERS contributions are excludable under § 207(e)(4). Specifically, they assert that the plaintiffs' CBA mandates employee participation in PERS, so "all employees shall participate in the Public Employees Retirement System of the State of Nevada in accordance with the rules of that system," *id.* at 9 (citing Def.'s Ex. 2, ECF No. 8-2) (emphasis removed). As a result, "LVMPD remits its employees' statutory contribution directly to the PERS trust" and its employees are not involved in the transaction. *Id.* Relatedly, they argue that PERS is a bona fide retirement plan, and it meets the criteria for such under § 207(e)(4), so the contributions here qualify for the FLSA's § 7(e)(4) exception. *Id.* at 9–10.

In response, the plaintiffs argue that LVMPD fails to meet its burden showing that exemption applies here because it only applies to *employer*, not employee, contributions. ECF No. 15 at 12. They further argue that LVMPD's reliance on the corresponding Department of Labor (DOL) regulations fails because they confirm that Section 207(e)(4) only applies to employer's contributions, but not to employee contributions. *Id.* at 12 (citing 29 C.F.R. § 778.215(a)).

Before addressing the merits of LVMPD's arguments, I first address their request that I take judicial notice of the CBA. *See* ECF No. 7 at 4 n.3. Courts in the Ninth Circuit regularly take judicial notice of collective bargaining agreements on a motion to dismiss when the documents are not subject to reasonable dispute. *Lujano v. Piedmont Airlines, Inc.*, 734 F. Supp. 3d 988, 995 (C.D. Cal. 2024) (collecting cases). Here, the plaintiffs do not dispute the existence nor the accuracy of the CBA. Rather, they oppose LVMPDs request, arguing that it would be improper for the court to consider the CBA at this stage of the litigation because the complaint makes no reference to it and it is immaterial to the plaintiffs' claims. ECF No. 15 at 4 n.4; *id.* at 17–18. The plaintiffs also assert that, regardless, neither a CBA nor any other type of contract can "rewrite or infringe on the regular rate of pay for purposes of overtime compensation." ECF No. 15 at 4 (citing *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 463 (1948)). At the same time, the plaintiffs aver that a "cursory review" of the CBA confirms that its definition of "regular rate of pay is consistent with the FLSA." *Id.* at 4 n.4. Because the plaintiffs do not reasonably dispute the

existence or accuracy of the CBA, I grant LVMPD's request to take judicial notice of that agreement (ECF No. 7 at 4 n.4).

But even taking judicial notice of the CBA, the court cannot grant LVMPD's motion because to properly resolve the arguments raised by the parties, I would need to resolve factual disputes over the structure of the EPC Plan and how or if it interplays with § 207(e)(4) of Title 29, United States Code. Such a fact-intensive inquiry is proper at the summary judgment stage, but not via a Rule 12(b)(6) motion. *See Salazar v. Driver Provider Phoenix LLC*, 2020 WL 5748129 (D. Ariz. Sep. 24, 2020) (finding that the question of whether an exemption applied to an FLSA claim was better left for the summary judgment or trial stage). Indeed, here there is a factual dispute as to the structure of the EPC Plan and how/if it interplays with the exception. For example, it would require me to determine if the EPC Plan complies with the requirements of 29 C.F.R. § 778.215(a)(1). It is certainly possible an exclusion or exception applies, but it would be improper to resolve that sort of question, and thus the dispute about the exemption, at this stage of the litigation. *See Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114 (W.D. Wash. 2011) (finding it would be improper to decide the applicability of an FLSA exemption at the motion to dismiss stage). As a result, LVMPD's motion to dismiss the FLSA claim is denied without prejudice and with leave to amend.

### *2. LVMPD's motion to dismiss the state common law claims is granted in part.*

LVMPD also moves to dismiss the plaintiff's state-law claims.

First, LVMPD moves to dismiss Claim 4, which alleges a breach of an *implied* contract, on the ground that there was an *actual* contract here. ECF No. 7 at 18. In their opposition, the plaintiffs allege that they have adequately alleged conduct "distinct from the CBA's protection" to give rise to an implied contract. ECF No. 15 at 22. But they fail to cite what those allegations are, much less why it would allow this court to consider an implied contract given the existence of an actual contract (i.e., the CBA). In Nevada, "an action does not lie on an implied contract

where there exists between the parties an express contract covering the same subject matter." *Rockstar, Inc. v. Original Good Brand Corp.*, 2010 WL 3154120, at *6 (D. Nev. Aug. 9, 2010) (quoting *Ewing v. Sargent*, 482 P.2d 819, 823 (Nev. 1971)). Accordingly, LVMPD's motion to dismiss Claim 4 (breach of an implied contract) is granted.

Claim 5, alleging unjust enrichment, fails for similar reasons. It is well-established that under Nevada law, an unjust enrichment claim is "not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Tr. Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997). The plaintiffs cite no authority to support that this claim can survive in the face of the CBA, so LVMPD's motion to dismiss Claim 5 (unjust enrichment) is granted.

LVMPD moves to dismiss the conversion claim, arguing that the complaint fails to plead there was "wrongful control over a specific, identifiable fund in which they had an immediate right of possession," as required in Nevada. ECF No. 7 at 19–20 (citing *Edwards v. Emperor's Garden Rest.*, 130 P.3d 1280, 1287 (Nev. 2006) (holding "[c]onversion is a distinct act of dominion wrongfully exerted over personal property in denial of, or inconsistent with, title or rights therein or in derogation, exclusion, or defiance of such rights.")). In opposition, the plaintiffs argue that they have adequately alleged conversion, but fail to cite those purported allegations. So LVMPD's motion to dismiss Claim 6 (conversion) is granted.

Last, LVMPD moves to dismiss Claim 7, which alleges a failure to compensate under Nevada law, arguing that the claim fails because NRS 286.460(7) does not impose liability on employers for wage disputes, and the CBA effectively controls the non-pensionable terms. ECF No. 7 at 20–23. However, like the FLSA claim, to properly resolve the arguments presented by the parties, the court would have to conduct a fact-intensive inquiry of the CBA, which is more proper for the summary judgment stage. So LVMPD's motion to dismiss Claim 7 is denied without prejudice.

**B. The City of Las Vegas's motion to dismiss [ECF No. 9] is granted.**

The City moves to dismiss the plaintiffs' second, third, and seventh claims for relief, which allege violations of NRS 608, because Chapter 608 does not apply to public employees and instead governs disputes between private employers and their employees. ECF No. 9 at 5–6. Although the arguments are certainly interesting, none explain why this court should not disregard *Department of Human Resources, Welfare Division v. Fowler*, which held that NRS Chapter 608 only governs disputes between private employers and their employees but *excludes* disputes between public employers and public employees. 858 P.2d 375 (Nev. 1993). Indeed, in reaching that decision, the Nevada Supreme Court found that the "legislative declaration of the purpose of NRS Chapter 608 is contained in NRS 608.005," which provides:

> The legislature hereby finds and declares that the health and welfare of workers and the employment of persons in private enterprise in this state are of concern to the state and that the health and welfare of persons required to earn their livings by their own endeavors require certain safeguards as to hours of service, working conditions and compensation therefore.

*Fowler*, 858 P.2d at 378. It further explained that NRS 608.0113 defines "private employment" as "all employment other than employment under the direction, management, supervision and control of this state or any county, city or town therein, or any office or department thereof." *Id.* Thus, while the plaintiffs correctly assert that NRS's definition of "employer" is broad under NRS 608, ECF No. 16 at 10–11, that is insufficient to allow this court to not apply binding Nevada Supreme Court authority finding that NRS Chapter 608 in its entirety is not applicable to public employees because that chapter was intended to control private employment *only*. Consequently, the City's motion to dismiss the second, third, and seventh claims is granted but without prejudice.[6] If the plaintiffs seek to re-allege violations of NRS 608 in an amended

[6] Because these claims are dismissed under *Fowler*, I need not address the City's arguments that the CBA precludes this claim. And, for the same reasons explained above, that sort of analysis would be better suited for the summary judgment stage.

complaint, they must file a motion requesting permission to do so. Further instructions are provided in the conclusion.

The City also moves to dismiss claims 4–6. I grant the motion for the same reasons I grant LVMPD's motion to dismiss those same claims. *See supra*, p. 7–8. So the City's motion to dismiss claims 4–6 is granted.

## IV. Conclusion

IT IS HEREBY ORDERED that LVMPD's motion to dismiss **[ECF No. 7] is granted in part and denied in part** as set forth in this order.

IT IS HEREBY ORDERED that the City of Las Vegas's motion to dismiss **[ECF No. 9] is granted** without prejudice and with leave to amend as explained below.

IT IS FURTHER ORDERED that if the plaintiffs elect to file an amended complaint that includes a renewed alleged violation of NRS 608, it must be filed by October 22, 2026, and must be accompanied by a motion to amend that complies with Rule 15 of the Local Rules. That motion must address the holding in *Fowler* and why the court should not apply it here, and it must address why this court should exercise supplemental jurisdiction over this claim considering that holding.

IT IS FURTHER ORDERED that if the plaintiffs elect to file an amended complaint without an alleged NRS 608 violation, they need not file a motion to amend. That amended complaint must be filed by October 22, 2026.

IT IS FURTHER ORDERED that the defendants' requests for joinder **[ECF Nos. 9, 10, 24, 26] are granted**.

Dated: October 1, 2026

Cristina D. Silva
United States District Judge